# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BREAL L. HILLERY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-7516** |
| **ZINGG A. ULIVI, GREAT NORTHERN INSURANCE COMPANY AND GEICO INDEMNITY COMPANY** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #4) is **DENIED**.

## BACKGROUND

This matter is before the court on plaintiff's motion to remand this matter to the Civil District Court, Parish of Orleans, State of Louisiana. Plaintiff, Breal L. Hillery, argues that this matter should be remanded because the Notice of Removal was untimely filed and complete diversity is lacking.

On March 14, 2018, Hillery, a citizen of Louisiana, filed this action in the Civil District Court, Parish of Orleans, State of Louisiana naming as defendants: Zingg A. Ulivi; Great Northern Insurance Company; and, GEICO Indemnity Company. Hillery alleges that on March 27, 2017, she was traveling on Interstate 10 in Orleans Parish when her vehicle was struck by a 2016 Nissan Titan driven by Ulivi. Hillery alleges that she was severely injured in the accident and that Ulivi fled the scene. Hillery alleges that Great Northern was Ulivi's automotive liability insurer, and that GEICO was her uninsured/underinsured motorist insurer. Hillery seeks damages for past and future medical care, physical pain and suffering, mental anguish, permanent disability, lost wages, lost earning potential, loss of enjoyment of life and loss of consortium.

Great Northern was served on March 20, 2018. On June 2, 2017, Hillery's counsel sent a "demand for the policy limits" to Great Northern, but did not include a specific dollar amount in the demand. The medical records provided with the demand totaled $11,340.67 in medical bills over less than three months of treatment. On July 12, 2018, Great Northern received Hillery's discovery responses, which included additional medical records evidencing an additional $26,527.40 in medical bills and treatment. Ulivi was served via certified mail on July 12, 2018.

On August 8, 2018, Great Northern and Ulivi removed the action to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332. Great Northern alleges in the Notice of Removal that it first determined that the amount in controversy exceeds $75,000 after it received Hillery's discovery responses on July 12, 2018.

Hillery filed the instant motion to remand arguing that the Notice of Removal was untimely because it was filed more than 30 days after Great Northern was served. Hillery also argues that complete diversity is lacking because GEICO should be considered a citizen of Louisiana.

## ANALYSIS

### I. Remand Standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided

by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**II.     Diversity Subject Matter Jurisdiction under 28 U.S.C. § 1332**

Great Northern and Ulivi removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000[1], exclusive of interest and costs, and are between citizens of different States.

The citizenship of an individual is determined by his or her domicile. Combee v. Shell Oil Co., 615 F.2d 698, 700 (5th Cir. 1980). Hillery is a citizen of Louisiana. Ulivi is a citizen of Colorado.

Pursuant to § 1332(c), for the purposes of diversity subject matter jurisdiction:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of–
>
> (A) every State and foreign state of which the insured is a citizen;
>
> (B) every State and foreign state by which the insurer has been incorporated; and

---

[1] Hillery does not dispute that the jurisdictional amount is met.

> (C) the State or foreign state where the insurer has its principal place of business[.]

28 U.S.C. § 1332(c).

Great Northern is incorporated under the laws of Indiana and maintains it principal place of business in New Jersey; thus, it is a citizen of Indiana and New Jersey. GEICO is incorporated and maintains its principal place of business in Maryland; thus it is a citizen of Maryland. Hillery contends that GEICO should also be considered a citizen of Louisiana because she is the insured and not a defendant, and is instituting a direct action against GEICO. However, the United States Court of Appeals for the Fifth Circuit has held that an uninsured motorist policy is not a direct action against a liability insurer, and the insurer is not considered a citizen of the state in which its insured is a citizen. Hernandez v. Travelers Ins. Co., 489 F.2d 721, 723 (5th Cir. 1974). Therefore, there is complete diversity of citizenship, and this court has subject matter jurisdiction pursuant to § 1332.

### III. Timeliness of Removal

Hillery argues that removal was untimely. The time limits for removal are set forth in 28 U.S.C. § 1446(b). Subsection 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Further, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings of summons described in paragraph (1) to file the notice of removal." Id. at § 1446(b)(2)(B). This 30-day time limit for removal "is triggered 'only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the

4

minimum jurisdictional amount of the federal court.'" Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013) (quoting Bosky v. Kroger Tex., LP, 288 F.3d 208, 210 (5th Cir. 2002)).

In cases where the time limit set forth in § 1446(b)(1) is not triggered, the action may become removable under § 1446(b)(3), which provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

In this case, the 30-day time limit for removal set forth in § 1446(b)(1) was not triggered when Great Northern was served, because the original petition does not affirmatively reveal on its face that Hillery is seeking more than $75,000 in damages. The allegations regarding Hillery's damages are generic and do not give any indication of the magnitude of the injuries she allegedly sustained. On July 12, 2018, Great Northern received Hillery's discovery responses which indicated that her medical bills total more $37,868.07. The discovery responses constitute "other paper" for the purposes of § 1446(b)(3). See Lipford v. Boehring Ingelheim Pharm., 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014) (citations omitted). Futher, Ulivi was served on July 12, 2018. The Notice of Removal was filed less than 30 days later. Thus, this matter was timely removed, and the motion to remand is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #4) is **DENIED**.

5

New Orleans, Louisiana, this 29th day of August, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**